**UNITED STATES of America**

v.

**Jose MEJILLA–HERNANDEZ a/k/a Jonathan Castro–Rondon, Jose Mejilla–Hernandez, Appellant.[1]**

No. 06–3225.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Oct. 23, 2007.

Filed: Oct. 23, 2007.

Joseph T. Labrum, III, Office of United States Attorney, Philadelphia, PA, for United States of America.

David L. McColgin, Defender Association of Philadelphia Federal Court Division, Philadelphia, PA, for Appellant.

BEFORE: FISHER, ALDISERT, and GREENBERG, Circuit Judges.

---

1. At some places in the papers before us appellant's name is spelled "Mejillia" and at others it is spelled "Mejilla." We will use "Mejilla" as appellant signed the plea agreement and a separate document entitled "Acknowledgment of Rights" in that form.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before the court on an appeal following a judgment of conviction and sentence entered on June 29, 2006, by the district court on a guilty plea following a sentencing hearing held on June 20, 2006. A grand jury charged appellant Jose Mejilla–Hernandez with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). On March 20, 2006, Mejilla–Hernandez, pursuant to a plea agreement with the government, pleaded guilty both to a lesser included offense of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and the offense of possession with intent to distribute 500 grams or more of cocaine. The agreement provided that Mejilla–Hernandez, with limited exceptions, neither would appeal nor present any collateral challenge to his conviction or sentence. Specifically, the appellate waiver in the plea agreement stated:

9. In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

1. the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 6 above; or

2. the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range; [or]

3. the sentencing judge, exercising the Court's discretion pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court.

If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

App. at 30. At the guilty plea colloquy, the district court reviewed this provision with Mejilla–Hernandez to ensure that he entered his plea knowingly and intelligently.

On June 20, 2006, the district court imposed a sentence providing for a 40–month custodial term, a term less than the statutory maximum, and not reflective of an upward departure from the applicable guideline range, to be followed by a five-year term of supervised release. Quite to the contrary, rather than being the product of an upward departure, the custodial term was below the bottom of the applicable custodial guideline range of 46 to 57 months. Notwithstanding his agreement not to do so, Mejilla–Hernandez then ap-

pealed. The government has moved to dismiss the appeal, attaching a copy of the transcript of the guilty plea colloquy to its motion.

Mejilla–Hernandez's response to the motion recites:

1. Appellee, the government, has accurately set forth the procedural history of Mr. Mejilla–Hernandez's case and the terms of his guilty plea agreement on pages one through the top of page four of its motion.

2. While counsel does not concede on behalf of Mr. Mejilla–Hernandez that he knowingly and voluntarily waived his appellate rights, the transcript appended to the government's motion is an accurate transcription of the guilty plea hearing.

3. The decision whether to enforce an appellate waiver is within this Court's discretion. *See United States v. Khattak*, 273 F.3d 557, 562 (3d Cir.2001) (appeals court has discretion to refuse to honor waiver where denial of right to appeal would work miscarriage of justice).

4. Mr. Mejilla–Hernandez asks that the Court exercise its discretion to not honor the waiver in his case, and allow briefing so that it can decide his appeal on the merits.

Appellant's response at 1.

Mejilla–Hernandez has filed his brief on the merits making a single argument:

The 40–month sentence for Mr. Mejilla–Hernandez's first offense was unreasonably high in light of the fact that (1) he committed this first offense at age 35, (2) he played a limited role in the offense that consisted of a single drug transaction and (3) he made truthful attempts at cooperation that did not result in a government departure motion.

Appellant's br. at 12.

We will grant the government's motion and dismiss the appeal. We have read the transcript of the plea colloquy and it quite plainly demonstrates that Mejilla–Hernandez voluntarily pleaded guilty. Moreover, Mejilla–Hernandez does not make any argument challenging the validity of the plea not precluded by the plea agreement appellate waiver provision, and there has not been a miscarriage of justice in this case. The long and the short of the matter is that the appellate waiver is valid and should be enforced. *See United States v. Khattak*, 273 F.3d 557 (3d Cir.2001). There is nothing more that need be said. The appeal will be dismissed.